2011 OK CIV APP 46

**OKLAHOMA ATTORNEYS MUTUAL INSURANCE COMPANY,**
Plaintiff/Appellee,

v.

**Stephen CAPRON and Capron & Edwards, PLLC, Defendants/Appellants.**

No. 108,792.

Court of Civil Appeals of Oklahoma, Division No. 2.

March 4, 2011.

Stephen J. Capron, Capron & Edwards, PLLC, Tulsa, OK, for Appellants.

Joseph R. Farris, Paula J. Quillin, Feldman, Franden, Woodard & Farris, Tulsa, OK, for Appellee.

JANE P. WISEMAN, Judge.

¶1 Appellants Stephen Capron and the law firm of Capron & Edwards, PLLC (C & E) appeal the trial court's entry of summary judgment against them in favor of Appellee Oklahoma Attorneys Mutual Insurance Company (OAMIC) in this declaratory judgment action. After reviewing the record and finding no reversible error, we find this case appropriate for summary affirmance as provided by Oklahoma Supreme Court Rule 1.202(d), 12 O.S.2001, ch. 15, app. 1, and we affirm.

## BACKGROUND SUMMARY

¶2 This is an appeal from a final judgment in a declaratory judgment action filed by OAMIC, a lawyers' professional liability in-

1. He is no relation to Michael Edwards, the lawyer in Capron & Edwards.

2. Plaintiff appealed the trial court's entry of judgment against him as a matter of law on his punitive damages claim; the Tenth Circuit Court of Appeals affirmed.

3. Paragraph A(3) of the Holden/Sam Edwards Contingent Fee Contract dated March 4, 2004, states:

surance company, against Capron and C & E, asking the trial court to determine whether OAMIC owed a duty to defend and indemnify them, pursuant to a liability policy, in another case pending in Tulsa County, Case No. CJ-2009-4826.

¶3 In this latter case, as set forth more fully below, the law firm of Holden, P.C. d/b/a Holden Carr & Skeens sued Capron and C & E for claims arising from a third case, a 2004 personal injury lawsuit filed and tried in federal court in the Eastern District of Oklahoma, Case No. 04-CV-96-KEW. Capron, then a member of the Holden law firm, represented the plaintiff, Samuel Edwards,[1] who was injured in a workplace accident involving a rotary feeder machine used to process tea. Capron was the lead attorney, and the jury rendered a verdict in plaintiff Edwards' favor in the amount of $1,500,000 on February 18, 2005. Four months after the trial while post-trial proceedings were pending, Capron resigned from the Holden firm and established C & E, a new firm with Michael Edwards. At the plaintiff Samuel Edwards' request, the Holden firm transferred his file to C & E. Capron represented the plaintiff in post-trial proceedings, in settlement discussions, and on appeal.[2]

¶4 C & E ultimately received $1,777,000 in the case on the plaintiff's behalf. When it came time to divide the fee earned pursuant to the written Fee Contract with the client, C & E asked the Holden firm to submit documentation of the time it spent on the case so that it could determine how much Holden was owed. Holden responded by claiming entitlement to a contingent fee under ¶A(3)[3] of the Fee Agreement, rather than payment based on an hourly fee as provided in ¶D of the contract.[4]

A. Except as otherwise limited by law, Attorney's fee to be paid by Client shall be calculated in accordance with the following:
. . . .
3. In the event that damages in excess of $200,000 are recovered, a sum equal to fifty percent (50%) of those damages in excess of $200,000 will be Attorney's fee in addition to the Attorney's fee described in paragraph number one.

¶ 5 Litigation then ensued in the trial court in the federal case to resolve the fee dispute; the trial court granted summary judgment in Holden's favor, holding that Holden was entitled to a fee pursuant to the contingent fee clause (¶ A(3)), not the termination of representation clause (¶ D) by which the fee would be calculated on an hourly basis. In an order and judgment issued May 20, 2009, the Tenth Circuit Court of Appeals reversed, finding that the unambiguous hourly fee provision in the Fee Agreement, drafted by Holden, governed based on the client's termination of Holden's representation. That order was not appealed and is now final.

¶ 6 On June 30, 2009, Holden filed suit in Tulsa County District Court, Case No. CJ–2009–4826, against Capron and C & E, asserting claims for breach of implied contract, breach of fiduciary duty, interference with contractual relations, fraud, negligence, and punitive damages arising out of this dispute over the fee earned in the Edwards case. In each claim for actual damages, Holden seeks in excess of $10,000 "consisting of, at the least, the difference between the contingency fee under the Edwards contract and the hourly fee" to be awarded in the federal case. This Tulsa County case is still pending.

¶ 7 OAMIC filed this declaratory judgment action against Capron and C & E on January 11, 2010, urging the trial court to find that OAMIC, as the insurer on C & E's professional liability policy, had no duty to defend or indemnify its insureds, C & E and its shareholders and employees, in Tulsa County Case No. CJ–2009–4826 because the claims asserted against C & E in that lawsuit are excluded under the policy and therefore not covered. OAMIC filed a motion for summary judgment and briefing ensued. On September 13, 2010, the trial court granted OAMIC's motion and entered judgment in its favor. From this judgment, this accelerated appeal followed.[5]

## STANDARD OF REVIEW

¶ 8 The appellate standard of review of a trial court's grant of summary judgment is *de novo*. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. When one party is entitled to judgment as a matter of law because there are no material disputed facts, summary judgment will be affirmed. *Id.*

## SUMMARY AFFIRMANCE

¶ 9 The trial court's September 13, 2010, Order is a succinct, well-reasoned, fully explanatory decision which correctly decides the declaratory issue before it. We quote the decision:

The language of the OAMIC policy is clear and unambiguous in excluding from coverage the following:

This policy does not apply:

a. To any claim arising out of any dishonest, fraudulent, criminal, malicious or knowingly wrongful act or omission or deliberate misrepresentation committed by, at the direction of, or with the knowledge of any insured.

b. To any claim arising out of the division of fees or fee [apportionment] between an insured and any other lawyer or lawyers.

. . . .

All of the allegations against Capron and the Capron firm arise from the fee dispute between Capron and the Holden firm and as such, are excluded from coverage under the policy.

(Emphasis omitted.)

¶ 10 The trial court found that such fee disputes between lawyers do not constitute "professional services to others" [6] and are not

---

4. Paragraph D of the same Contract states in pertinent part: "If representation is terminated by Client or by Attorney for any reason, Attorney shall be entitled to compensation at the rate of $200.00 per hour for all work performed by Attorney for Client, and at the rate of $100.00 per hour for all work performed by any paralegal for Client."

5. This appeal is governed by and follows the procedure set forth in Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp.2010, ch. 15, app. 1, without appellate briefing.

6. The OAMIC policy at issue defines "Coverage" in Paragraph I:
To pay on behalf of the Insured all sums which the Insured shall become legally obligated to

claims for which coverage is provided by a lawyer's professional liability policy. Finding no coverage by the clear terms of the policy in question for any of the claims asserted against the insured, the trial court concluded that OAMIC has no duty to defend or indemnify Capron or C & E in Case No. CJ–2009–4826.

¶ 11 Having reviewed the record on appeal, we find no error in the trial court's order and pursuant to Oklahoma Supreme Court Rule 1.202(d), 12 O.S.2001, ch. 15, app. 1, we affirm.

¶ 12 **AFFIRMED UNDER RULE 1.202(d).**

BARNES, P.J., and FISCHER, J., concur.

pay as money damages because of any claim ... against the Insured ... relating to the quality of legal services provided, arising out of any act or omission of the Insured in rendering or failing to render, professional services for others in the Insured's capacity as a lawyer, and caused by the Insured ... except as excluded ... by ... this policy. The term 'money damages' shall not be construed to mean the return, restitution, or disgorgement of fees paid to, claimed by or retained by any Insured.